# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| MARKELL L. MARKS, | : | |
| Plaintiff, | : | |
| v. | : | CA 14-0338-WS-C |
| SELMA CITY POLICE DEPARTMENT, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

On July 21, 2014, p*ro se* litigant Markell L. Marks filed a complaint (Doc. 1) and motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) (Doc. 2). Since it appears to the undersigned that Marks is unable to pay the costs of commencing this action, his request to proceed *in forma pauperis* (Doc. 2) is **GRANTED**. After reviewing plaintiff's complaint, however, it is recommended[1] that this action be **DISMISSED WITH PREJUDICE** prior to service of process as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## FACTUAL BACKGROUND

As aforesaid, Marks filed his complaint on July 21, 2014 and therein alleges that the Selma Police Department has discriminated against him because individuals employed by the department failed to allow him to swear out a warrant—as is his right—against his "baby mama" Yolanda Malone for failing to return his car on the date she promised to have the car back to him. (*See* Doc. 1, at 1-3 & 5-14.) Marks also

---

[1] This report and recommendation is entered pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

complains about the rudeness he encountered from individual employees in trying to swear out a warrant against Malone. (*See id.* at 7-13.)

## **CONCLUSIONS OF LAW**

The federal statute authorizing individuals to file complaints *in forma pauperis* also allows for the dismissal of such complaints if they are found to be frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[.]"). A claim is frivolous, as a matter of law, where, *inter alia*, the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist. *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).

Since it is obvious from the allegations contained in the complaint, as well as the contents of the attachments to the complaint, that Marks has never been employed by the Selma Police Department, his claim of discrimination does not arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Therefore, his claim of discrimination is either a state-law claim or a § 1983 claim.[2] This presents an insurmountable problem for plaintiff, however, because "[i]n Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes." *Blunt v. Tomlinson,* 2009 WL 921093, *4 (S.D. Ala. Apr. 1, 2009), citing *Hawkins v. City of Greenville,* 101 F.Supp.2d 1356, 1363 (M.D. Ala. 2000); *see also Howard v. City of Demopolis, Alabama,* 984 F.Supp.2d 1245, 1253 (S.D. Ala. 2013) ("[A] police department[] [is] not a proper legal entity capable of being sued."); *see Higginbotham v.*

---

[2] It appears to the undersigned that Marks relies upon 42 U.S.C. § 1983 given his assertion that he "had a right to file a warrant." (Doc. 1, at 2.)

2

*City of Pleasant Grove,* 2013 WL 5519577, *54 (N.D. Ala. Sept. 30, 2013) (dismissing claims against police department with prejudice).

In light of the foregoing, it is recommended that plaintiff's "discrimination" claim against the Selma Police Department be **DISMISSED WITH PREJUDICE** as frivolous.[3]

## CONCLUSION

It is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is frivolous.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b)S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [ ] appellate review to plain error review of the magistrate judge's *factual findings.*" *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir.2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

---

[3] In truth, plaintiff merely uses the word "discrimination" in his complaint in a conclusory manner without identifying a cognizable claim of discrimination. Certainly, the undersigned is unaware of any Court precedent establishing a constitutional right to be free from "rudeness" at the hands of public employees or a constitutional right to swear out a warrant for an individual's arrest. Accordingly, plaintiff has failed to state a claim upon which relief may be granted.

3

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of August, 2014.

        <u>s/WILLIAM E. CASSADY                          </u>
        **UNITED STATES MAGISTRATE JUDGE**